Per Curiam.

The words of the statute are, “ intricate or important.” It is of great consequence to this court to protect its officers, and those of the public, in the discharge of their duty. Take your rule(a)
Buie for struck jury.

 The rule as to struck juries, for libellous words on official characters is, that they must be spoken of the party in his official character. Van Vechten *624 v. Hopkins, 2 Johns. Rep. 373. Thomas v. Croswell, 4 Johns. Rep. 491, and the truth of those words denied. When these requisites are complied with, a struck jury will be granted in an action by an attorney-general, (the case in the text,) a district attorney, Foot v. Oroswell, in the text, the plaintiff having in a subsequent term amended his affidavit, 1 Johns. Rep. 161, a recorder, or ex officio director of a banking company, Livingston v. Cheetham, 1 Johns. Rep. 61, or a member of congress. Thomas v. Rumsey, 4 Johns. Rep. 481. But that tho government of the United States, is concerned, is not a sufficient reason for a struck jury, Hartshorne v. Gelston, 3 Caines’ Rep. 84, nor that the plaintiff, in an action for a libel, was formerly a resident minister from a foreign power, if the transaction be stale, and he long ago superseded. Genet v. Mitchell, 4 Johns. Rep. 186. But in an action by a turnpike company for opening a road so near to a turnpike as to affect the tolls, a struck jury will be granted, New Windsor Turnpike Company v. Ellison, 1 Johns. Rep. 141. So, it is said, if the dispositions of a county be unfavorable to turnpikes, New Windsor Turnpike Company v. Wilson, 3 Caines’ Rep. 127, or a town contribute to the expenses of a suit, Stryker v. Turnbull, 3 Caines’ Rep. 103, or in a Long-Island cause a right of fishery be'in question. Value to the amount of 18,000 dollars in two suits have, on an affidavit of eminent counsel as to the importance, been held sufficient to warrant a struck jury. Livingston v. Smith, 1 Johns. Rep. 141. But in another case, a total loss of 21,000 dollars was not. Wright v. Col. Ins. Co., 2 Johns. Rep. 211. So where the sum was 1,000 dollars, and a common jury had been discharged, because unable to make up their verdict. Anon. 1 Johns Rep 314. See also Parker v. Livingston, 2 Wend. 296.